**FILED**
**SEPTEMBER 19, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38791-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| A.A.T.,† | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, J. — A.A.T. was found guilty of second degree unlawful possession of a

firearm. On appeal, A.A.T. argues that his right to be free from unreasonable search and

seizure was violated when his bag was searched off campus by a person employed as a

vice-principal. The trial court found the person conducting the search was not a state

actor and denied A.A.T.'s suppression motion. On appeal, A.A.T. fails to challenge the

court's conclusion that there was no state action. A.A.T. also contends that trial counsel

was ineffective for failing to argue for suppression under article I, section 7 of the

Washington Constitution. We affirm.

---

† To protect the privacy interests of A.A.T., a minor, we use his initials throughout
this opinion. General Court Order for Court of Appeals, *In re Changes to Case Title*,
(Wash. Ct. App. May 25, 2017), http://www.courts.wa.gov/appellate_trial_courts/?fa
=atc.genorders_orddisp&ordnumber=2017_002&div=III.

No. 38791-7-III
*State v. A.A.T.*


BACKGROUND

1.    ALLEGATIONS[1]

In December 2021, John R. Rogers High School staff received a phone call about intoxicated students near the school.  In response, Principal John Hammil and Assistant Principal Caroline White walked to the street just outside of the school's sports fields to search for the students.  Hammil and White located the students just outside of school property.  As Hammil and White approached, all the students fled, except for A.A.T. who could not run away due to his level of intoxication.

A.A.T. was discovered to be a part-time student at Rogers High School who was not scheduled to be at school that day.  White and Hammil noticed that A.A.T. had a fresh cut on his nose, spoke with slurred speech, smelled of alcohol, had frequent mood changes, and had difficulty maintaining his balance.  Due to A.A.T.'s perceived level of impairment, Hammil and White called paramedics to attend to A.A.T.

While waiting for paramedics to arrive, someone in a passing car stopped and attempted to intervene.  Hammil and White, worried that their safety could be in jeopardy, called law enforcement.  Though law enforcement was present during the

---

[1] The facts are gleaned predominately from the court's findings of fact and conclusions of law.  A.A.T. does not challenge any of the court's factual findings and they are therefore verities on appeal.  *Cowiche Canyon Conservancy v. Bosley,* 118 Wn.2d 801, 808, 828 P.2d 549 (1992).

encounter, they rarely spoke to A.A.T. and questioning of him was instead done by the school officials.

A.A.T. made it clear that he did not want to be separated from his backpack. However, after much coaxing, A.A.T. turned his backpack over to White. After turning over his backpack, A.A.T. was taken by paramedics to a nearby fire engine to be assessed. A few minutes later, while A.A.T. was being assessed, White began looking through his backpack and found several containers of alcohol.

Shortly thereafter, White and Hammil were summoned to the fire engine because A.A.T. wanted to retrieve his cell phone from the backpack. A.A.T. said that White could search his backpack only if she set it next to him on the fire engine. When White refused, A.A.T. said, "[y]ou can't check it at all." Clerk's Papers (CP) at 109. Nevertheless, White searched the backpack looking for A.A.T.'s cell phone. During this second search, White felt a handgun in the backpack. White informed Hammil and law enforcement of her discovery.

A.A.T. was taken to a local hospital, and while being treated, Officer Michael Baughn applied for and was granted a search warrant for A.A.T.'s backpack. In the backpack, Officer Baughn discovered alcohol and a "black handgun and matching magazine with a single cartridge" in it. CP at 109-10. A.A.T. was arrested at the hospital and charged with second degree unlawful possession of a firearm and a person under 21 years of age in possession of liquor.

3

2.    PROCEEDINGS

A.A.T.'s defense counsel moved to suppress all of the evidence obtained as a result of White's warrantless search of A.A.T.'s backpack. Counsel cited both the federal and state constitutions and argued that the school search exception to the warrant requirement did not apply. Counsel noted that at the time of the search A.A.T. was not on school grounds, had not been a student that day, and was not involved in a school-sponsored activity at the time of the search.

The court heard oral argument and issued an oral ruling denying the suppression motion, followed by written findings and conclusions. Initially, the court concluded that neither the school search exception nor any other exception to the warrant requirement applied in this case. Nevertheless, the court also concluded that at the time of the search neither White nor Hammil were state actors, and thus the Fourth Amendment did not apply. The court noted that law enforcement did not know of or acquiesce in White's search of the backpack. Nor was White acting in furtherance of the government when she conducted the search. There was no nexus between A.A.T. and the school because A.A.T. was not a student that day. Nor were the school officials investigating a crime. The court concluded that because White was not a state actor at the time she searched A.A.T.'s backpack, the search by White did not violate A.A.T.'s constitutional rights.

Following a bench trial, the court found A.A.T. guilty of second degree unlawful possession of a firearm and found him not guilty of the crime of person under 21 years of age in possession of liquor.

A.A.T. appeals.

ANALYSIS

A.A.T. argues that the gun found in his backpack should have been suppressed because the search violated his constitutional rights under the Washington Constitution, article I, section 7. However, the court below held that White and Hammil were not state actors and that they therefore did not violate A.A.T.'s rights. A.A.T. does not challenge or assign error to this conclusion in his briefing. Instead, A.A.T.'s briefing assumes that White and Hammil were state actors and analyzes whether they violated his rights under the Washington Constitution. *See* Br. of Appellant at 18-27. As the State points out, however, without state action, A.A.T.'s rights under either constitution could not have been violated. *State v. Carter*, 151 Wn.2d 118, 124, 85 P.3d 887 (2004) ("neither state nor federal constitutional protections against unreasonable searches and seizures are implicated[ ] without state action.").

Because A.A.T. does not assign error to the trial court's findings or provide analysis on the threshold issue of whether White and Hammil were state actors at the time of the search, we decline to address whether the search violated the constitution. Although the state action doctrine was the sole basis for the court's decision not to

exclude the gun, A.A.T. fails to raise the issue in his assignments of error and only mentions it in passing in his briefing. *See* Br. of Appellant at 25. The passing treatment of an issue is insufficient to warrant consideration. *See* RAP 10.3(a), (g); *State v. Stubbs*, 144 Wn. App. 644, 652, 184 P.3d 660 (2008), *rev'd on other grounds*, 170 Wn.2d 117, 240 P.3d 143 (2010) ("Passing treatment of an issue or lack of reasoned argument is insufficient to allow for our meaningful review.").

For the same reason, A.A.T.'s claim of ineffective assistance of counsel fails. A.A.T. argues that his counsel was ineffective for failing to argue that article I, section 7 of the Washington Constitution provided greater protection from the search than the Fourth Amendment. The State maintains that A.A.T. fails to demonstrate deficient performance or prejudice. The State points out that A.A.T.'s trial counsel did cite and argue the State Constitution, and both constitutions require actions by state actors before the protections against warrantless searches will apply.

Defendants have a constitutionally guaranteed right to effective assistance of counsel. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *State v. Lopez*, 190 Wn.2d 104, 115, 410 P.3d 1117 (2018). A claim of ineffective assistance of counsel is an issue of constitutional magnitude that may be considered for the first time on appeal. *State v. Nichols*, 161 Wn.2d 1, 9, 162 P.3d 1122 (2007). Ineffective assistance of counsel claims are reviewed de novo. *State v. White*, 80 Wn. App. 406, 410, 907 P.2d 310 (1995).

The defendant bears the burden of showing that (1) his counsel's performance fell below an objective standard of reasonableness considering all the circumstances and, if so, (2) there is a reasonable probability that but for counsel's poor performance, the outcome would have been different. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). If either element is not satisfied, the inquiry ends. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009).

Here, A.A.T. fails to demonstrate deficient performance or prejudice. A.A.T.'s trial counsel did cite article I, section 7 of the Washington Constitution in their suppression motion. CP at 8-9. On appeal, A.A.T. fails to articulate or argue how trial counsel's argument under article 1, section 7 was otherwise deficient. Nor would application of article 1, section 7 result in a different outcome. As we discussed above, the court's reasoning for denying A.A.T.'s motion to suppress the gun was based on the state action doctrine. "[N]either state nor federal constitutional protections against unreasonable searches and seizures are implicated, without state action." *Carter*, 151 Wn.2d at 124. Even assuming trial counsel failed to effectively argue under article I, section 7 of the Washington Constitution, A.A.T. does not demonstrate that the outcome of the proceedings would have been different.

No. 38791-7-III
*State v. A.A.T.*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.

8